UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

Eastern District of Kentucky
F I L E D
DEC - 5 2013
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                INDICTMENT NO. 3:13-CR-28-GFVT

TIMOTHY ALEXANDER CONLEY
KENNETH LEE GAMBILL
RUTH L. GAMBILL

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1. At all relevant times, **TIMOTHY ALEXANDER CONLEY** was the County Judge/Executive of Morgan County, Kentucky. **CONLEY** was elected to this office by the citizens of Morgan County and owed Morgan County and its citizens a duty to perform his responsibilities free from deceit, fraud, and self-enrichment. As County/Judge Executive, **CONLEY** served as Morgan County's chief executive officer and oversaw the administration of various aspects of the Morgan County government.

2. At all relevant times, the Morgan County government contracted with private companies for the construction and repair of roads, bridges, and culverts within Morgan County. The Morgan County government purported to use a formal process for hiring construction contractors for these projects. **CONLEY** administered this process at all relevant times. On behalf of the Morgan County government, **CONLEY** directed the

issuance of public solicitations for bid proposals, received sealed bids from contractors, purported to open the sealed bids in a public forum, and purported to select contracts based on the lowest bids. **CONLEY** then typically presented his selections to the Morgan County Fiscal Court and received the Fiscal Court's approval for his selected contractors.

3. At all relevant times, **KENNETH LEE GAMBILL** was an owner and president of PBTHNOJJ Construction, a construction contractor based in Salyersville, Kentucky. At numerous points within the relevant time period, PBTHNOJJ Construction submitted bids to **CONLEY**'s office and was awarded contracts for the construction of small bridges and culverts within Morgan County.

4. At all relevant times, **RUTH L. GAMBILL** was an owner and vice-president of PBTHNOJJ Construction.

## COUNTS 1 - 4
## 18 U.S.C. § 1341

5. The allegations contained in the Background are restated and incorporated herein by reference.

6. From a date in early 2009, the exact date unknown, until on or about August 20, 2013, in Franklin County and elsewhere in the Eastern District of Kentucky,

**TIMOTHY ALEXANDER CONLEY and
KENNETH LEE GAMBILL**

devised and intended to devise a scheme and artifice to defraud, to obtain money and property by means of materially false and fraudulent pretenses, and to deprive Morgan County and its citizens of their right to the honest and faithful services of **CONLEY** through bribery, kickbacks, and the concealment of material information related thereto,

and for the purpose of executing such scheme and artifice, knowingly caused to be delivered by mail in accordance with the directions thereon, various items of mail, including the mailings listed below.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the scheme included, among others, the following:

7.  **CONLEY** solicited and accepted gifts, payments, and other things of value from **KENNETH LEE GAMBILL** and, in exchange, provided favorable official actions on behalf of **KENNETH LEE GAMBILL** as requested and as opportunities arose, including the official actions identified in the paragraphs below.

8.  **CONLEY** identified potential construction projects for PBTHNOJJ Construction and sought and obtained approval and funding from the Kentucky Transportation Cabinet for certain of these projects.

9.  **CONLEY** rigged purportedly competitive bidding processes in order to select PBTHNOJJ Construction for certain construction contracts. Among other methods that **CONLEY** used to rig bids, **CONLEY** opened bids outside of public view and altered PBTHNOJJ Construction's bid prices to ensure the appearance that PBTHNOJJ Construction had submitted the lowest bids.

10. After selecting PBTHNOJJ Construction for these construction contracts, **CONLEY** secured approval for his selections from the Morgan County Fiscal Court under the fraudulent pretense that PBTHNOJJ Construction submitted the lowest bids in the course of fair and competitive bidding processes.

11. **KENNETH LEE GAMBILL** obtained the proceeds of construction contracts awarded to PBTHNOJJ Construction pursuant to this scheme and provided kickbacks to **CONLEY,** including cash payments derived from the proceeds of these contracts.

12. **CONLEY** took steps to hide, conceal, and cover up his activity and the nature and scope of his dealings with **KENNETH LEE GAMBILL**, including meeting with **KENNETH LEE GAMBILL** surreptitiously at locations away from **CONLEY**'s office, in order to accept the aforementioned cash payments.

13. As a result of this scheme, between a date in early 2009, the exact date unknown, and a date in or about August 2013, PBTHNOJJ Construction obtained approximately $1.1 million in proceeds from contracts with Morgan County.

### EXECUTION OF THE SCHEME

14. On or about the dates listed below, in the Eastern District of Kentucky and elsewhere,

### TIMOTHY ALEXANDER CONLEY and
### KENNETH LEE GAMBILL

for the purpose of executing the above-described scheme and artifice, and in order to effect the objects thereof, did knowingly cause to be delivered by mail in accordance with the directions thereon, various items, including those listed below:

| Count | Date and Description | Mailed From | Mailed To |
|---|---|---|---|
| 1 | April 28, 2011 letter enclosing list of anticipated bridge construction projects for purposes of State funding | Morgan County Judge Executive Office 450 Prestonsburg St. West Liberty, KY 41472 | Kentucky Transportation Cabinet 200 Mero St. Frankfort, KY 40622 |
| 2 | April 8, 2013 letter advising completion of the construction of one bridge and requesting funding | Morgan County Judge Executive Office 450 Prestonsburg St. West Liberty, KY 41472 | Kentucky Transportation Cabinet 200 Mero St. Frankfort, KY 40622 |
| 3 | August 5, 2013 letter advising completion of the construction of various bridges and requesting funding | Morgan County Judge Executive Office 450 Prestonsburg St. West Liberty, KY 41472 | Kentucky Transportation Cabinet 200 Mero St. Frankfort, KY 40622 |
| 4 | August 15, 2013 check for $80,000 to fund construction of various bridges | Kentucky Transportation Cabinet 200 Mero St. Frankfort, KY 40622 | Morgan County Fiscal Court 450 Prestonsburg St. West Liberty, KY 41472 |

All in violation of 18 U.S.C. § 1341.

## COUNT 5
## 18 U.S.C. § 666(a)(1)(A)
## 18 U.S.C. § 2

15. The allegations contained in the Background and in Counts 1-4 are restated and incorporated herein by reference.

### ADDITIONAL BACKGROUND TO COUNT 5

16. On or about March 2, 2012, a tornado swept through the City of West Liberty, Kentucky and other places within Morgan County, Kentucky, causing extensive damage. Thereafter, and over the course of the twelve consecutive months between March 2, 2012 and March 1, 2013, Morgan County received millions of dollars in federal

funds for emergency services, debris cleanup, and repair work. As such, Morgan County was a federally funded agency, within the purview of 18 U.S.C. § 666(b).

17. Following the tornado, Morgan County entered into agreements with various private companies for emergency services, debris cleanup, and repair and replacement of buildings damaged by the tornado. Among other private contractors, Morgan County entered into an agreement with PBTHNOJJ Construction for the removal of certain debris remaining from the tornado.

18. As County Judge/Executive, **CONLEY** was an agent of the Morgan County government, within the purview of 18 U.S.C. § 666(a)(1). In this position, **CONLEY** exercised substantial authority over certain aspects of Morgan County's procurement of private contractors for the emergency services, debris cleanup, and repair and replacement work performed after the tornado. In this position, **CONLEY** also oversaw certain aspects of the work itself, including PBTHNOJJ Construction's performance of its debris cleanup responsibilities.

19. **CONLEY** abused this position and authority to ensure that PBTHNOJJ Construction received payments in excess of the debris cleanup work actually performed.

20. In the period of twelve consecutive months between March 2, 2012 and March 1, 2013, in Morgan County and Franklin County and elsewhere in the Eastern District of Kentucky,

**TIMOTHY ALEXANDER CONLEY and
KENNETH LEE GAMBILL**

aided and abetted by each other and others known and unknown, **CONLEY** being an employee and agent of a government agency that received more than $10,000 of federal funds in a twelve month period, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of a person, property in the care, custody, and control of that agency, that is, the funds used to pay for debris cleanup, in an amount in excess of $5,000, all in violation of 18 U.S.C. § 666(a)(1)(A) and 18 U.S.C. § 2.

## COUNT 6
## 18 U.S.C. § 1956(h)

21. The allegations contained in the Background and in Counts 1-5 are restated and incorporated herein by reference.

### THE CONSPIRACY

22. From a date in early 2009, the exact date unknown, until on or about August 20, 2013, in Morgan County and elsewhere in the Eastern District of Kentucky,

**TIMOTHY ALEXANDER CONLEY,
KENNETH LEE GAMBILL, and
RUTH L. GAMBILL**

knowingly combined, conspired, and agreed with each other to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341 and federal program fraud in violation of 18 U.S.C. § 666, with the intent to promote the carrying on of specified unlawful activity, that is mail fraud in

violation of 18 U.S.C. § 1341, federal program fraud in violation of 18 U.S.C. § 666, and bribery chargeable under state law and punishable by imprisonment for more than one year, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341, federal program fraud in violation of 18 U.S.C. § 666, and bribery chargeable under state law and punishable by imprisonment for more than one year, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

(c) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341, federal program fraud in violation of 18 U.S.C. § 666, and

bribery chargeable under state law and punishable by imprisonment for more than one year, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii); and

(d) to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is funds derived from payments received by PBTHNOJJ Construction from Morgan County, such property having been derived from a specified unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341 and federal program fraud in violation of 18 U.S.C. § 666, all in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATION
### 18 U.S.C. § 982(a)(1) and (3)
### 18 U.S.C. § 981(a)(1)(C)
### 28 U.S.C. § 2461(c)

In committing the felony offenses alleged in Counts 1 through 6 of this Indictment, each punishable by imprisonment for more than one year,

**TIMOTHY ALEXANDER CONLEY,**
**KENNETH LEE GAMBILL, and**
**RUTH L. GAMBILL**

shall forfeit to the United States pursuant to 18 U.S.C. §§ 982 and 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violations, or which constitutes or is derived from proceeds traceable to such violations, or property involved in the violations, including but not limited to the following:

### CURRENCY & BANK ACCOUNTS:

(1) $7,000.00 in United States currency;

(2) $3,000.00 in United States currency;

(3) $1,000.00 in United States currency;

(4) Funds on deposit with First National Bank of Grayson, in the account number ending in 2543, which was opened in the name of Timothy Alexander CONLEY; and

(5) Funds on deposit with Salyersville National Bank, in the account number ending in 0809, which was opened in the name of PBTHNOJJ Construction.

### MONEY JUDGMENT:

Approximately One Million One Hundred Thousand Dollars ($1,100,000.00), representing the gross receipts/proceeds obtained, directly or indirectly, as a result of such violations.

### SUBSTITUTE ASSETS:

If any of the property listed above, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property in which the above defendants have an interest, up to the value of the currency described above and pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c).

A TRUE BILL

_____
KERRY B. HARVEY
UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1-4:**	Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 5:**	Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 6:**	Not more than 20 years imprisonment, $500,000 fine or twice the value of the property involved, whichever is greater, and 3 years supervised release.

**PLUS:**	Mandatory special assessment of $100 per count.

**PLUS:**	Forfeiture, if applicable.

**PLUS:**	Restitution, if applicable.