UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 3:13-CR-00028-GFVT-REW-1 |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| TIMOTHY ALEXANDER CONLEY, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon a Motion to Reduce Sentence filed *pro se* by Timothy Alexander Conley. [R. 153.] Based on the following reasons, the Court will **DENY** the Motion.

**I**

Mr. Timothy Alexander Conley was indicted, along with two co-defendants, on December 5, 2013, for honest services mail fraud in violation of 18 U.S.C. § 1341, theft or bribery concerning programs receiving federal funds in violation of 18 U.S.C. §§ 666(a)(1)(A) & 2, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [R. 1.] On August 26, 2014, Conley pled guilty to Count 3, which encompassed a violation of 18 U.S.C. § 1341, honest services mail fraud. [R. 87.] A Presentence Investigation Report ("PSR") was prepared in which Conley's recommended Sentencing Guideline Range was determined to be 70 to 87 months based on a total offense level, subsequent a three-level acceptance of responsibility reduction, of 27 and a criminal history category of I. [R. 134.] This guidelines calculation also

reflected the agreed upon terms set forth in Defendant Conley's plea agreement. [R. 124 at 3-4.] The defendant filed no objections to the PSR. [*See id.*] Although the Government moved for an upward departure [R. 117], that motion was denied, and on January 27, 2015, the Court sentenced Mr. Conley to 87 months imprisonment followed by three years of supervised release. [R. 127.] Conley filed a timely appeal to the Sixth Circuit Court of Appeals, which subsequently dismissed the appeal on June 2, 2016, because Conley's plea agreement contained a waiver of appeal. [R. 152.] Conley did not file a petition for a writ of certiorari with the United States Supreme Court. [R. 159.]

On September 6, 2016, Conley, through counsel, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [R. 153.] Conley's motion was referred to Judge Robert E. Wier to review and prepare a Recommended Disposition. Conley based his motion on the overall effect that *McDonnell v. United States*, 136 S. Ct. 2355 (2016), has on his case. [*Id.* at 1.] Conley did not request, and the Magistrate Judge did not hold, an evidentiary hearing on this motion. [R. 159 at 31.] On February 16, 2017, Judge Wier filed a Recommended Disposition calling for Conley's motion to be denied. [*Id.* at 32.] Conley filed objections to Judge Wier's Recommended Disposition pursuant to his rights under 28 U.S.C. § 636 (b)(1). [R. 163.] On December 1, 2017, the Court entered a Memorandum Opinion and Order overruling Conley's objections and dismissing with prejudice Conley's § 2255 petition. [R. 166.] Subsequently, Judgment was entered in favor of the Government, a Certificate of Appealability was denied, and the case was stricken from the Court's active docket. [R. 167.] Despite a Certificate of Appealability being denied, Conley, through counsel, filed a Notice of Appeal on January 3, 2018. [R. 168.] That matter is still pending before the Sixth Circuit.

On March 26, 2018, proceeding *pro se*, Conley filed this Motion to Reduce Sentence ultimately arguing for several adjustments in his guidelines calculation and credit for 15 months of "home incarceration." [R. 170.] The matter has been fully briefed and the Motion is now ripe for review.

**II**

After a sentence has been imposed in a federal criminal case, the sentencing court may not modify that sentence except under very limited circumstances. *See* 18 U.S.C § 3582(c). Related to this case, the Court is authorized to modify Conley's sentence under one of two circumstances: (1) the court may modify Conley sentence "to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure"; or (2) the court may modify Conley's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." *Id.*

Under the first circumstance, Rule 35 of the Federal Rules of Criminal Procedure allows for a modification within 14 days of sentencing to correct a clear error. This motion was filed more than three years after Conley was initially sentenced. [*See* R. 126; R. 127; R. 170.] Other Rule 35 modifications can be made only upon a motion from the Government. As such, Rule 35 has no application here. Additionally, Conley cites to no statute that would authorize the Court to modify his sentence. Thus, the first circumstance that would allow this Court to modify Conley's sentence is inapplicable.

Under the second circumstance for which the Court could modify Conley's sentence, Conley must have been sentenced to imprisonment based upon a guidelines range that has subsequently been lowered by the Sentencing Commission. 28 U.S.C. § 3582(c)(2). Conley

3

suggests the guidelines under which he was sentenced were lowered by the Sentencing Commission. [R. 170 at 2.] A modification under this circumstance is proper only "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Conley's guideline range was calculated using the 2014 Guidelines Manual, which attributed a ten-level enhancement to his base offense level pursuant to U.S.S.G. § 2C1.1(b)(2) and § 2B1.1(b)(1)(F) because the offense involved more than $120,000, but was less than $200,000. Indeed, Conley's plea agreement outlined such an enhancement. [R. 124 at 3.] Subsequently, Amendment 791 to the Sentencing Guidelines, which adjusted the loss tables found at U.S.S.G. § 2B1.1(b), went into effect on November 1, 2015. *See* U.S. SENTENCING GUIDELINES MANUAL Supp. to app. C (U.S. SENTENCING COMM'N 2016). This adjustment means that a defendant in Conley's position would qualify for the same ten-level enhancement only if the offense involved more than $150,000, but was less than $250,000. *Id.* Congress adopted this Amendment solely "to account for inflation." *Id.*

The Sentencing Guidelines provide guidance with regard to reducing a term of imprisonment as a result of an amended guideline range. *See* U.S.S.G. § 1B1.10. This policy statement instructs that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

4

U.S.S.G. § 1B1.10(b)(1). Subsection (d) does not include Amendment 791 in its enumerated lists that the Court may rely on when looking to reduce a person's term of imprisonment. As such, the Sentencing Commission's policy statement is clear: a term of imprisonment cannot be reduced pursuant to 18 U.S.C. § 3582(c)(2) for Amendment 791's adjustment to the loss table found at U.S.S.G. § 2B1.1(b). Therefore, Conley's request to reduce his sentence based upon the revised sentencing guidelines will be denied.

Additionally, Conley requests that his sentence be reduced because of 15 months he served on home incarceration and because of a four-level enhancement he claims was incorrect double-counting. [R. 170 at 4-5.] First, Conley was released on an Appearance Bond with home incarceration as a condition. [R. 16.] Because this was a condition of his bond, he will not receive credit for this time against the sentence he ultimately received in the case. Next, Conley argues the Court should not have applied the four-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(3) because his base offense level started at a higher level due to the offense involving a public official. Again, Conley agreed to these calculations in his plea agreement. [R. 124.] Nevertheless, this does not amount to impermissible double-counting because the calculations account for separate conduct. The base offense level is set at 14, instead of 12, because Conley was a public official. *See* U.S.S.G. § 2C1.1(a). That base offense level is increased four levels because Conley was an *elected* public official. *See* U.S.S.G. § 2C1.1(b)(3). The enhancement captures the violation of the public trust by an *elected* public official that is not accounted for in the base offense level. While the Sixth Circuit Court of Appeals has not addressed whether this amounts to impermissible double-counting, one Circuit Court has expressed, "[b]eing a bribe-taking 'elected public official' is different from being a run-of-the-mill, bribe-taking, non-elected 'public official.'" *United States v. White*, 663 F.3d 1207, 1217 (11th Cir. 2011).

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Conley's Motion to Reduce Sentence [**R. 170**] is hereby **DENIED**;

This the 17th day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge